UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOSEPH A. MITCHUM and PAULINE MITCHUM, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| A.W. CHESTERTON COMPANY, ET AL., | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 2:17-cv-02966-DCN

### DEFENDANT CRANE CO.'S NOTICE OF REMOVAL

Defendant Crane Co. hereby removes this action from the Court of Common Pleas of Charleston (Ninth Judicial Circuit) to the United States District Court for the District of South Carolina under 28 U.S.C. §§ 1442(a)(1) and 1446 based on federal-officer jurisdiction, and Crane Co. provides the following short and plain statement of the grounds for removal:

1. On September 21, 2017, Plaintiffs filed their complaint in the Court of Common Pleas of Charleston County. A true copy of the complaint is attached as **Exhibit A** (the "Complaint"). In the complaint, Plaintiffs allege that Mr. Mitchum was exposed to asbestos from defendants' products while working as an apprentice, machinist, engineer, and as a supervisor in the machine shop at the Charleston Navy Shipyard at various times from 1951-1979. *See* Ex. A at ¶ 27.

2. The allegation that Mr. Mitchum was exposed to Crane Co. products while working in the Naval Shipyard gives rise to Crane Co.'s federal defense—often referred to as the government-contractor defense. In short, any product that Plaintiffs allege Crane Co.

manufactured for or supplied to the Navy (and any product literature, labeling, or warnings that accompanied that product) would be subject to Navy specifications and requirements. Federal officers exercised their discretion regarding whether (1) asbestos was used in the product, and (2) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy.

3. This notice of removal is timely under 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing it within 30 days of being served with Plaintiffs' Complaint.

4. Removal is proper under 28 U.S.C. § 1442(a)(1) where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiffs' claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989). Crane Co. meets all four elements and therefore is entitled to remove this action. Indeed, the United States Courts of Appeals for the Ninth and Second Circuits has held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal based on allegations and evidence nearly identical to those submitted here. *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014).

5. On the first element, Crane Co., as a corporation, qualifies as a "person" under the statute. *See Winters v. Diamond Shamrock Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

6. With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and

to the Navy. Crane Co. products were designed and manufactured in accordance with precise contracts and specifications approved by the Navy. *See* Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5–6, attached as **Exhibit B**; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22–32, attached as **Exhibit C**. Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components. *See* Sargent Aff., at ¶¶ 26–27, 32. Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff. at ¶ 29. And unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Sargent Aff. at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

7. In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there exists a strong causal nexus between Plaintiffs' claims and Crane Co.'s actions, thereby meeting the third element. Plaintiffs' claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

8. With respect to the fourth element, Crane Co.'s government-contractor defense is a colorable federal defense to plaintiffs' claims. As set forth in the product-liability, design-defect context by the Supreme Court of the United States in *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988), the government-contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that

3

were known to the supplier but not to the United States. *See also Leite*, 749 F.3d at 1123.[1] Crane Co. has a colorable federal defense because, as detailed above, the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications. Sargent Aff. at ¶¶ 23–32; Pantaleoni Aff. at ¶¶ 5–6. The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. *See* Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21–23, attached as **Exhibit D**. The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23–32. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. *See* Sargent Aff. at ¶ 59 & Sargent Aff. Ex K, Doc. 2-8. Thus, Crane Co. has a colorable claim that it is entitled to immunity from state tort law in this action under the government-contractor defense.

9. As required by Section 1446(a), copies of all process, pleadings, and orders served on Crane Co. are being filed with this notice.

10. Under Section 1446(d), Defendant Crane Co. will promptly file written notice of this removal with the Court of Common Pleas of Charleston County, and Crane Co. will serve that notice on counsel of record.

---

[1] To establish the defense in a failure-to-warn context, the elements are slightly modified to include a showing that (1) the Navy exercised its discretion and approved certain warnings; (2) the defendant provided the warnings required by the Navy; and (3) the defendant warned the Navy about any hazards that were known by it but not by the Navy. *Id.*

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this matter on removal.

Respectfully submitted,

Charleston, South Carolina
Dated: November 1, 2017

/s/ Tara C. Sullivan
_____
Christopher A. Jaros
Federal ID #12094
E-Mail:  christopher.jaros@klgates.com
Tara C. Sullivan
Federal ID #11095
E-Mail:  tara.sullivan@klgates.com
K&L GATES LLP
134 Meeting Street
Suite 500
Charleston, SC  29401
Telephone: 843.579.5600
Facsimile: 843.579.5601

*ATTORNEYS FOR DEFENDANT CRANE CO.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on, November 1, 2017, I caused to be electronically filed the foregoing Notice of Removal with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

R. Walker Humphrey - WHumphrey@Willoughbyhoefer.com
Erin M. Wood - ewood@waterskraus.com
Gibbs C. Henderson - ghenderson@waterskraus.com

/s/ Tara C. Sullivan
Christopher A. Jaros
Federal ID# 12094
E-Mail:  christopher.jaros@klgates.com
Tara C. Sullivan
Federal ID #11095
E-Mail:  tara.sullivan@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC  29401
Telephone: 843.579.5600
Facsimile: 843.579.5601