# Exhibit A

 CT Corporation

**Service of Process Transmittal**
10/02/2017
CT Log Number 532026074

TO: Stacie Simpson
Navigant Consulting
Pace Claim Services, LLC, 100 American Metro Blvd Ste 108
Hamilton, NJ 08619-2319

RE: **Process Served in Delaware**

FOR: Crane Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOSEPH A. MITCHUM and PAULINE MITCHUM, Pltfs. vs. A.W. CHESTERTON COMPANY, etc., et al., Dfts. // To: Crane Co., etc. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Charleston County Court of Common Pleas, SC<br>Case # 2017CP104802 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/02/2017 postmarked on 09/27/2017 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | R. Walker Humphrey, II<br>WILLOUGHBY & HOEFER, P.A<br>151 Meeting Street, Suite 325<br>Post Office Box 10<br>Charleston, SC 29402<br>(843) 619-4426 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/02/2017, Expected Purge Date: 10/07/2017<br><br>Image SOP<br><br>Email Notification,  Stacie Simpson  PACEservice@paceclaims.com<br><br>Email Notification,  Crane Co. SOP  CraneCoCTService@klgates.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120<br>302-658-7581 |

Page 1 of  1 / TI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



5470 LBJ Freeway
Dallas, TX  75240

7011 1150 0001 6324 9380

NEOPOST          FIRST-CLASS MAIL

09/27/2017
US POSTAGE  $007.71º

ZIP 75240
041L11260837

CRANE CO.
C/O  THE CORPORATION TRUST
     COMPANY
1209 ORANGE STREET
WILMINGTON          DE 19801

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
)
COUNTY OF CHARLESTON )    NINTH JUDICIAL CIRCUIT
)
)    C/A No. 2017-CP-10-4802
_____)
JOSEPH A. MITCHUM )    Asbestos Mesothelioma, Living Machinist
    and PAULINE MITCHUM )
)
        Plaintiffs, )
)
v. )
)    **SUMMONS**
)
A.W. CHESTERTON COMPANY )
A Massachusetts Corporation )
)    Plaintiffs Demand
)    A Jury Trial
AIR & LIQUID SYSTEMS )
CORPORATION (*sued individually and* )
*as successor by merger to* BUFFALO )
PUMPS, INC.) )
A Pennsylvania Corporation )
)
ALFA LAVAL, INC. (*sued individually* )
*and as successor-in-interest to* DeLAVAL )
SEPARATOR COMPANY and )
SHARPLES, INC.) )
A Virginia Corporation )
)
ASCO VALVE, INC. (*sued individually* )
*and as successor-in-interest to* FOSTER )
ENGINEERING) )
A Delaware Corporation )
)
CBS CORPORATION (*f/k/a* VIACOM, )
INC., *successor by merger with* )
CBS CORPORATION *f/k/a* )
WESTINGHOUSE ELECTRIC )
CORPORATION) )
A Delaware Corporation )
)
CHARLESTON RUBBER & GASKET )
CO. )
A South Carolina Corporation )
)
CIRCOR INSTRUMENTATION )
TECHNOLOGIES, INC. (*d/b/a* HOKE) )

2017 SEP 21  PM 1:46

A New York Corporation )
)
CRANE CO. )
A Delaware Corporation )
)
EATON HYDRAULICS LLC, *f/k/a* )
VICKERS INCORPORATED )
A Delaware Corporation )
)
GOULDS PUMPS, INCORPORATED )
A Delaware Corporation )
)
IMO INDUSTRIES, INC. (*sued* )
*individually and as successor-in-interest* )
*to* DeLAVAL STEAM TURBINE )
COMPANY and DELAVAL, INC.) )
A Delaware Corporation )
)
INGERSOLL-RAND COMPANY )
A New Jersey Corporation )
)
PARKER-HANNIFIN CORPORATION )
(*sued individually and as successor-in-* )
*interest to* SACOMA-SIERRA, INC.) )
An Ohio Corporation )
)
SPIRAX SARCO, INC. )
A Delaware Corporation )
)
UNION CARBIDE CORPORATION )
A New York Corporation )
)
WARREN PUMPS, LLC )
A Delaware Corporation )
)
Defendants. )
_____ )

**TO THE DEFENDANTS ABOVE-NAMED:**

     **YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at his office, 151 Meeting Street, Suite 325, P.O. Box 10, Charleston, South Carolina 29402, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, or otherwise appear and

defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

WILLOUGHBY & HOEFER, P.A.

R. Walker Humphrey, II, S.C. Bar No. 79426
151 Meeting Street, Suite 325 (29401)
Post Office Box 10
Charleston, South Carolina 29402
Telephone: (843) 619-4426
Facsimile: (843) 619-4430
WHumphrey@Willoughbyhoefer.com

AND

WATERS & KRAUS, LLP

Erin M. Wood, T.X. Bar No. 24073064
ewood@waterskraus.com
Gibbs C. Henderson, T.X. Bar No. 24041084
ghenderson@waterskraus.com
3141 Hood Street, Suite 700
Dallas, Texas 75219
Telephone: (214) 357-6244
Facsimile: (214) 357-7252

ATTORNEYS FOR PLAINTIFFS

September 21, 2017
Charleston, South Carolina

3

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | |

Joseph A. Mitchum and Pauline Mitchum,
**Plaintiff(s)**

vs.

A.W. Chesterton Company, et al.,
**Defendant(s)**

CIVIL ACTION COVERSHEET

2017-CP - 10- 4802
~~2015~~

| Submitted By: R. Walker Humphrey, II | SC Bar #: | 79426 |
|---|---|---|
| Address: 151 Meeting Street, Suite 325 (29401) | Telephone #: | (843) 619-4426 |
| P.O. Box 10 | Fax #: | (843) 619-4430 |
| Charleston, SC 29402 | Other: | |
| | E-mail: | whumphrey@willoughbyhoefer.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ General (130)
☐ Breach of Contract (140)
☐ Fraud/Bad Faith (150)
☐ Failure to Deliver/ Warranty (160)
☐ Employment Discrim (170)
☐ Employment (180)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20___-NI-___-___
☐ Notice/ File Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Assault/Battery (370)
☐ Slander/Libel (380)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☒ Other (699) Asbestos
☐ Sexual Predator (510)
☐ Permanent Restraining Order (680)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Pre-Suit Discovery (670)

**Submitting Party Signature:** _[signature]_    **Date:** 9/21/17

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)                    Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA    )
    )
COUNTY OF CHARLESTON    )
    )
    )
_____)

JOSEPH A. MITCHUM    )
  and PAULINE MITCHUM    )
    )
Plaintiffs,    )
    )
v.    )
    )
A.W. CHESTERTON COMPANY    )
A Massachusetts Corporation    )
    )
AIR & LIQUID SYSTEMS    )
CORPORATION (*sued individually and*    )
*as successor by merger to* BUFFALO    )
PUMPS, INC.)    )
A Pennsylvania Corporation    )
    )
ALFA LAVAL, INC. (*sued individually*    )
*and as successor-in-interest to* DeLAVAL    )
SEPARATOR COMPANY and    )
SHARPLES, INC.)    )
A Virginia Corporation    )
    )
ASCO VALVE, INC. (*sued individually*    )
*and as successor-in-interest to* FOSTER    )
ENGINEERING)    )
A Delaware Corporation    )
    )
CBS CORPORATION (*f/k/a* VIACOM,    )
INC., *successor by merger with*    )
CBS CORPORATION *f/k/a*    )
WESTINGHOUSE ELECTRIC    )
CORPORATION)    )
A Delaware Corporation    )
    )
CHARLESTON RUBBER & GASKET    )
CO.    )
A South Carolina Corporation    )
    )
CIRCOR INSTRUMENTATION    )
TECHNOLOGIES, INC. (*d/b/a* HOKE)    )

IN THE COURT OF COMMON PLEAS

NINTH JUDICIAL CIRCUIT

C/A No. 2017-CP-10-4802

Asbestos Mesothelioma, Living Machinist

**COMPLAINT**
(Personal Injury)

Plaintiffs Demand
A Jury Trial

2017 SEP 21  PM 1: 46

A New York Corporation                          )
                                                )
CRANE CO.                                       )
A Delaware Corporation                          )
                                                )
EATON HYDRAULICS LLC, *f/k/a*                   )
VICKERS INCORPORATED                            )
A Delaware Corporation                          )
                                                )
GOULDS PUMPS, INCORPORATED                      )
A Delaware  Corporation                         )
                                                )
IMO INDUSTRIES, INC. (*sued*                    )
*individually and as successor-in-interest*     )
*to* DeLAVAL STEAM TURBINE                      )
COMPANY and DELAVAL, INC.)                      )
A Delaware Corporation                          )
                                                )
INGERSOLL-RAND COMPANY                          )
A New Jersey Corporation                        )
                                                )
PARKER-HANNIFIN CORPORATION                     )
(*sued individually and as successor-in-*       )
*interest to* SACOMA-SIERRA, INC.)              )
An Ohio Corporation                             )
                                                )
SPIRAX SARCO, INC.                              )
A Delaware Corporation                          )
                                                )
UNION CARBIDE CORPORATION                       )
A New York Corporation                          )
                                                )
WARREN PUMPS, LLC                               )
A Delaware Corporation                          )
                                                )
            Defendants.                         )
_____ )

Now come Plaintiffs, JOSEPH A. MITCHUM and PAULINE MITCHUM, citizens and

residents of the State of South Carolina, and sue the Defendants and allege as follows:

## JURISDICTION AND VENUE

1.     As is evidenced by the caption of the instant Complaint which is specifically

incorporated herein, some of the Defendants are foreign corporations who are amenable to

jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of

South Carolina and/or their respective conduct of substantial and/or systematic business in South Carolina, which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long-Arm Statute. Each defendant owns, operates, or otherwise mines, manufactures, processes, imports, converts, compounds and/or retails substantial amounts of asbestos and asbestos-related materials which are sold, distributed and used in South Carolina. Plaintiff JOSEPH A. MITCHUM was exposed to various asbestos-containing products and machinery while working in South Carolina. Certain asbestos-containing products were manufactured at plant sites located within the State of South Carolina. Mesothelioma is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to Plaintiff JOSEPH A. MITCHUM's contraction of his mesothelioma by breathing defendants' asbestos-containing products to which he was diagnosed on or after July 11, 2017.

2.      Plaintiffs filed suit within three (3) years of the date of discovering Plaintiff JOSEPH A. MITCHUM's asbestos-related conditions or the existence of any asbestos-related causes of action.

3.      All claims arising under this Complaint are covered by the laws of the State of South Carolina.

4.      Venue is appropriate in Charleston County, South Carolina, pursuant to S.C. Code Ann. § 15-7-30 because Plaintiff's residence is there and it is where the most substantial part of the conduct complained of occurred.

5.      The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

**PARTIES**

6.      Plaintiffs reside at 2409 Tuscany Drive, North Charleston, South Carolina 29406.

7.      Defendant A.W. CHESTERTON COMPANY is a Massachusetts corporation and has its principal place of business at 860 Salem Street, Groveland, Massachusetts 01834. Defendant A.W. CHESTERTON COMPANY has at all times relevant to this litigation conducted business in this State and has designated a registered agent for service of process. Therefore, said corporation may be served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

8.      Defendant AIR & LIQUID SYSTEMS CORPORATION (*sued individually and*

3

*as successor by merger to* MANUFACTURING BUFFALO PUMPS, INC.) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

9.     Defendant ALFA LAVAL, INC. *(sued individually and as successor-in-interest to* DeLAVAL SEPARATOR COMPANY and SHARPLES, INC.) is a Virginia corporation and has its principal place of business at 5400 International Trade Drive, Richmond, Virginia 23231. Defendant ALFA LAVAL, INC. has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

10.     Defendant ASCO VALVE, INC. *(sued individually and as successor-in-interest to* FOSTER ENGINEERING) is a Delaware corporation and has its principal place of business at 160 Park Avenue, Florham Park, New Jersey 07932. Defendant ASCO VALVE, INC. has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11.     Defendant CBS CORPORATION (*f/k/a* VIACOM, INC., *successor by merger with* CBS CORPORATION *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION) (*and as successor-in-interest to* BF STURTEVANT) is a Delaware corporation and has its principal place of business at 51 West 52nd Street (19-13), New York, New York 10019. Defendant CBS CORPORATION has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, Corporation Service Company, 2711 Centerville Road, Wilmington, Delaware 19808.

12.     Defendant CHARLESTON RUBBER & GASKET CO. is a South Carolina

4

corporation and has its principal place of business at 1024 Bankton Circle, Hanahan, South Carolina 29406. Defendant CHARLESTON RUBBER & GASKET CO. has designated a registered agent for service of process. Therefore, said corporation may be served with process through its registered agent, Michael A. Lane, 1024 Bankton Circle, Hanahan, South Carolina 29406.

13.    Defendant CIRCOR INSTRUMENTATION TECHNOLOGIES, INC. (*d/b/a* HOKE) is a New York corporation and has its principal place of business at 405 Centura Street, Spartanburg, South Carolina 29305. Defendant CIRCOR INSTRUMENTATION TECHNOLOGIES, INC. has designated a registered agent for service of process. Therefore, said corporation may be served with process through its registered agent, Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina 29201.

14.    Defendant CRANE CO. is a Delaware corporation and has its principal place of business at 100 First Stamford Place, Stamford, Connecticut 06902. Defendant CRANE CO. has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

15.    Defendant EATON HYDRAULICS LLC, *f/k/a* VICKERS INCORPORATED is a Delaware corporation and has its principal place of business at 1000 Eaton Blvd, Mail Stop 2N, Cleveland, Ohio 44122. Defendant EATON HYDRAULICS LLC has at all times relevant to this litigation conducted business in this State and has designated a registered agent for service of process. Therefore, said corporation may be served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

16.    Defendant GOULDS PUMPS, INCORPORATED is a Delaware corporation and has its principal place of business at 240 Fall Street, Seneca Falls, New York 13148. Defendant GOULDS PUMPS, INCORPORATED has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17.    Defendant IMO INDUSTRIES, INC. (*sued individually and as successor-in-interest to* DeLAVAL STEAM TURBINE COMPANY) is a Delaware corporation and has its principal place of business at 1710 Airport Road, Monroe, North Carolina 28110. Defendant IMO INDUSTRIES, INC. has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

18.    Defendant INGERSOLL-RAND COMPANY is a New Jersey corporation and has its principal place of business at 800-E Beaty Street, Davidson, North Carolina 28036. Defendant INGERSOLL-RAND COMPANY has at all times relevant to this litigation conducted business in this State and has designated a registered agent for service of process. Therefore, said corporation may be served with process through its registered agent, Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina 29201.

19.    Defendant PARKER-HANNIFIN CORPORATION (*sued individually and as successor-in-interest to* SACOMA-SIERRA, INC.) is an Ohio corporation and has its principal place of business at 6035 Parkland Blvd, Cleveland, Ohio 44124. Defendant PARKER-HANNIFIN CORPORATION has at all times relevant to this litigation conducted business in this State and has designated a registered agent for service of process. Therefore, said corporation may be served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

20.    Defendant SPIRAX SARCO, INC. may be served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

21.    Defendant UNION CARBIDE CORPORATION is a New York corporation and has its principal place of business at 2030 Dow Center, Midland, Michigan 48674. Defendant UNION CARBIDE CORPORATION has at all times relevant to this litigation conducted business in this State and has designated a registered agent for service of process. Therefore, said corporation may be served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

22.    Defendant WARREN PUMPS, LLC is a Delaware corporation and has its

6

principal place of business at 82 Bridges Avenue, P.O. Box 969, Warren, Massachusetts 01083. Defendant WARREN PUMPS, LLC has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

23.    Each and every allegation in this Petition is expressly made in the alternative to, as well as in addition to, every other allegation.

## FACTUAL BACKGROUND

24.    The asbestos and asbestos-containing products and machinery to which JOSEPH A. MITCHUM (hereinafter referred to as "Plaintiff") was exposed were mined, milled, manufactured, fabricated, contracted, installed, supplied, specified, required for use, required for replacement, distributed, sold, and/or used by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of Defendants.

25.    At all times pertinent hereto, Defendants were engaged in the business of mining, milling, manufacturing, fabricating, contracting, installing, supplying, specifying, requiring for use, requiring for replacement, distributing, selling, and/or using asbestos and asbestos-containing products and machinery.

26.    At all times pertinent hereto, the asbestos products were products mined, milled, manufactured, fabricated, contracted, installed, supplied, specified, required for use, required for replacement, distributed, sold, and/or used by Defendants and reached Plaintiff without any substantial change in the condition of the product or products from the time that they were sold.

27.    At various times throughout his adult life, while working as an apprentice, machinist, engineer, and as a supervisor in the machine shop at the Charleston Navy Shipyard, and working in proximity to others performing those jobs, Plaintiff was exposed to Defendants' asbestos and asbestos-containing products and machinery in beginning in 1951. Plaintiff has no known exposure to asbestos after 1979.

28.    During the periods of time set forth in Paragraph 27, Plaintiff JOSEPH A. MITCHUM was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products and

machinery which were manufactured, fabricated, supplied, specified, required for use, required for replacement, sold, distributed, installed, serviced, maintained, repaired, and/or used by Defendants.

29.    As a direct and proximate result of working with, around, and/or near asbestos materials mined, milled, manufactured, designed, tested, packaged, furnished, sold, supplied, specified, required for use, required for replacement, distributed, delivered, installed, and otherwise placed in the stream of commerce by the defendants, Plaintiff JOSEPH A. MITCHUM developed mesothelioma, and other industrial dust diseases caused by breathing asbestos from Defendants' products.

30.    Plaintiff suffered and will continue to suffer serious personal injuries, endured and will continue to endure great pain of body and mind, suffered and will continue to suffer severe mental anguish and distress, has been prevented from transacting his business, and has been required to undergo medical treatment, care and expense and will continue to require such medical care and treatment in the future.  His earning capacity has been greatly impaired and he has been forced to restrict his usual activities.  The foregoing injuries and damages are of a permanent nature or will last for an indefinite time into the future.  He is likely to develop further medical problems and complications in the future, and he will die prematurely.

## FOR A FIRST CAUSE OF ACTION
### (Product Liability – Negligence)

31.    All of the allegations contained in the previous and succeeding paragraphs are re-alleged as if fully set forth verbatim herein, to the extent not inconsistent with this cause of action.

32.    Plaintiff was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in his occupation. Defendants and their predecessors-in-interest are or, at times material hereto, have been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiff has been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products Defendants produced, sold, or specified, required, or foresaw would be used.

8

33.    Further, Plaintiffs allege, as more specifically set out below, that Plaintiff has suffered injuries directly and proximately caused by his exposure to Defendants' asbestos-containing products.   In that each exposure to such products caused or contributed to Plaintiff's injuries, the doctrine of joint and several liability should be extended to apply to each defendant herein.   As more specifically set forth below, Defendants knew, or in the exercise of ordinary care, should have known their asbestos-containing products were deleterious and highly harmful to Plaintiff's health and well-being, posing a serious and substantial risk of cancer and death.

34.    Plaintiff was unaware of the hazards and defects in Defendants' asbestos-containing products, which made them unsafe for purposes of manipulation and/or installation. Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

35.    During the periods Plaintiff was exposed to the asbestos-containing products and/or machinery of the defendants, these asbestos-containing products and/or machinery were being utilized in a manner that was intended by Defendants.

36.    In the event Plaintiff is unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs allege that Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products at all times material to the cause of action.   Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

37.    Defendants created hazardous and deadly conditions to which Plaintiff was exposed and which caused Plaintiff to be exposed to a large amount of asbestos fibers. Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's illness and disabilities:

(a)    in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)    in failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and

appliances, if in truth there were any, to protect Plaintiff from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)    in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)    in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)    in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)    in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)    in failing to properly test said asbestos-containing products or machinery before they were released for consumer use;

(h)    in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery; and

(i)    in failing to follow and adhere to various state and U.S. Government statutes, regulations, and guidelines pertaining to asbestos and the exposure to asbestos of individuals.  Such failure constituted negligence per se at a minimum. Plaintiffs are not making claims for damages under federal law.

38.    Defendants violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence per se or negligence as a matter of law.  Further, each such

violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff. Plaintiff is not making any claims under federal law; instead, Plaintiff is simply using the violation of federal standards as proof of liability on his state-law theories. Further, the reference to Federal regulations does not create a Federal question. See *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986). Any removal on this basis will be met with an immediate motion for remand and for sanctions.

39.     The illness and disabilities of Plaintiff are a direct and proximate result of the negligence of each Defendant. As a result, Plaintiff is entitled to damages as set forth below.

## FOR A SECOND CAUSE OF ACTION
### (Product Liability – Strict Liability Under S.C. Code Ann. § 15-73-10, *et seq.*)

40.     All of the allegations contained in the previous and succeeding paragraphs are re-alleged as if fully set forth verbatim herein, to the extent not inconsistent with this cause of action.

41.     Defendants are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the injuries and disabilities of Plaintiff.

42.     Defendants knew their asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

43.     In particular, Defendants' products were defective in the following respects:

    (a) the dangers inherent in the use of Defendants' products were not readily recognizable by Plaintiff or other exposed persons;

    (b) there was an alternative for asbestos at a comparable cost that could have been used as the product or as a component instead of asbestos within a normally asbestos-containing/utilizing product, the gravity and likelihood of harm to consumers and end users from asbestos far outweighed any additional cost or

11

loss of functionality from utilizing this alternative, and the alternative would have prevented Plaintiff from developing mesothelioma;

(c) Defendants failed to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products; and

(d) Defendants failed to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery.

44.    These defects rendered Defendants' products and/or machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants. Defendants are liable in strict products liability for these defects.  Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation and/or installation.  Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

45.    During the periods that Plaintiff was exposed to the asbestos-containing products and/or machinery of the Equipment Manufacturers, these asbestos-containing products and/or machinery were being utilized in a manner, which was intended by Defendants.

46.    The illness and disabilities of Plaintiff are a direct and proximate result of the defects in Defendants' products.  As a result, Plaintiff is entitled to damages as set forth below.

### FOR A THIRD CAUSE OF ACTION
#### (Gross Negligence and/or Malice)

47.    All of the allegations contained in the previous and succeeding paragraphs are re-alleged as if fully set forth verbatim herein, to the extent not inconsistent with this cause of action.

48.    The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct, or malice

12

resulting in damages and injuries to the Plaintiff. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness, or malice with regard to the Plaintiff and should be held liable in punitive and exemplary damages to Plaintiff.

## FOR A FOURTH CAUSE OF ACTION
### (Negligence Per Se)

49.    All of the allegations contained in the previous and succeeding paragraphs are re-alleged as if fully set forth verbatim herein, to the extent not inconsistent with this cause of action.

50.    The actions of Defendants also constituted negligence per se.

51.    Defendants violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence per se or negligence as a matter of law. Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff. Plaintiff is not making any claims under federal law; instead, Plaintiff is simply using the violation of federal standards as proof of liability on his state-law theories. Further, the reference to Federal regulations does not create a Federal question. See *Merrell Dow Pharms., Inc. v. Thompson*. 478 U.S. 804 (1986). Any removal on this basis will be met with an immediate motion for remand and for sanctions.

52.    The negligence *per se* of Defendants were a proximate cause of Plaintiff's injuries.

## FOR A FIFTH CAUSE OF ACTION
### (Punitive Damages)

53.    All of the allegations contained in the previous and succeeding paragraphs are re-alleged as if fully set forth verbatim herein, to the extent not inconsistent with this cause of action.

54.    As early as 1929, the Defendants, or some of them, possessed medical and scientific data clearly indicating that asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing

13

products were hazardous to the health and safety of Plaintiff and others in his position. The Defendants, or some of them, during the 1930s, 1940s, 1950s, and 1960s, became possessed of voluminous medical and scientific data, studies, and reports, which information conclusively established that asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products were hazardous to the health and safety of Plaintiff and all other persons exposed to the products.

55.    The Defendants, or some of them, since the 1930s, have had numerous workers' compensation claims filed against them by former asbestos workers or employees, or knew such claims were filed against asbestos product suppliers and manufacturers. Prompted by pecuniary motives, the Defendants ignored and failed to act upon such medical and scientific data and conspired to deprive the public, and particularly the users, access to said medical and scientific data, thereby depriving them of the free choice as to whether or not to expose themselves to the asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products of the Defendants. The Defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, by continuing to market their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, with reckless disregard for the health and safety of Plaintiff and other users or consumers, knowing the dangerous characteristics and propensities of said asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, but still depriving those affected by the dangers from information about those dangers.

56.    Because the Defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence in marketing their hazardous asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, in ignoring the medical and scientific data that was available to them, and in depriving consumers, users, and the general public of that medical and scientific data, Plaintiffs are entitled to punitive damages.

57.    Plaintiffs demand judgment against the Defendants for punitive damages.

### FOR AN SIXTH CAUSE OF ACTION
#### (Loss of Consortium)

58.    . All of the allegations contained in the previous and succeeding paragraphs are re-alleged as if fully set forth verbatim herein, to the extent not inconsistent with this cause of action.

59.    Plaintiff, PAULINE MITCHUM, brings this cause of action against all defendants for the loss of consortium in the marital relationship between her spouse, JOSEPH A. MITCHUM and herself. PAULINE MITCHUM has suffered damages, both past and future, as a result of the acts and omissions of the defendants described herein.  The permanent physical injuries were a direct and proximate cause by the defendants to Plaintiff, and, those injuries have detrimentally impaired the love, companionship, comfort, affection, solace, moral support, and physical assistance in the operating and maintaining a home that Plaintiffs once shared in their marital relationship, causing PAULINE MITCHUM pain and suffering in the past and to which she will in all likelihood continue to suffer in the future.

### DAMAGES

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for damages, including but not limited to:

(a)    damages to punish defendants for proximately causing Plaintiff's untimely injuries and illness;

(b)    the conscious physical pain and suffering and mental anguish sustained by Plaintiff;

(c)    the physical impairment suffered by Plaintiff;

(d)    the disfigurement suffered by Plaintiff;

(e)    reasonable and necessary medical expenses incurred by Plaintiffs;

(f)    Plaintiff's lost earnings and net accumulations;

(g)    Plaintiff's mental anguish caused by the extraordinarily increased likelihood of developing (or the progression and/or recurrence of) asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold and/or distributed by the named defendants;

15

(h)     past and future loss of the care, maintenance services, support, advice, counsel, and consortium which Plaintiff's spouse would have received from Plaintiff prior to his illness and disability caused by his exposure to asbestos;

(i)     Plaintiffs seek punitive and exemplary damages;

(j)     Plaintiffs' costs of action and attorney's fees;

(k)     Pre- and post-judgment interest at the highest legal rate; and

(l)     for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

WILLOUGHBY & HOEFER, P.A.

R. Walker Humphrey, II, S.C. Bar No. 79426
151 Meeting Street, Suite 325 (29401)
Post Office Box 10
Charleston, South Carolina 29402
Telephone: (843) 619-4426
Facsimile: (843) 619-4430
WHumphrey@Willoughbyhoefer.com

AND

WATERS & KRAUS, LLP

Erin M. Wood, T.X. Bar No. 24073064
ewood@waterskraus.com
Gibbs C. Henderson, T.X. Bar No. 24041084
ghenderson@waterskraus.com
3141 Hood Street, Suite 700
Dallas, Texas 75219
Telephone: (214) 357-6244
Facsimile: (214) 357-7252

ATTORNEYS FOR PLAINTIFFS

September 21, 2017
Charleston, South Carolina

16